[Civ. No. 6635. First Appellate District, Division Two.—January 3, 1929.]

PAUL GARVER, Petitioner, v. HARRY G. WILLIAMS, as Auditor, etc., Respondent.

Breed, Burpee & Robinson for Petitioner.

Preston Higgins, City Attorney, and John W. Collier and Homer W. Buckley, Deputies City Attorney, for Respondent.

KOFORD, P. J.—This is an original proceeding for a writ of *mandamus* requiring the Oakland city auditor to approve the first week's salary claims of certain special deputy city clerks appointed and employed by the city clerk under authority of a resolution of the city council of the city of Oakland for the purpose of verifying the signatures and registrations of the signers of a petition filed with the city clerk proposing certain amendments to the charter of the city of Oakland. The refusal of the auditor to approve these claims resulted in stopping the proceedings looking to the calling of an election at which the people of the city could vote upon the proposed charter amendments. Owing to this condition this court's original jurisdiction was invoked, notwithstanding that the dispute might otherwise appear to be a private one showing no reason to depart from the customary procedure of applying to the superior court for relief.

The first defense raised by the auditor is that the verification of the signatures on the petition must be done only by the county clerk, as specified by the provisions of the constitution.

The constitution, section 8, article XI, states, among other things: "The signatures on such petition shall be verified by

the authority having charge of the registration records of such city or city and county, and the expenses of such verification shall be provided by the legislative body thereof. If such petitions have a sufficient number of signatures the legislative body of the city or city and county shall so submit the amendment or amendments so proposed to the electors." In Alameda County the county clerk and not the city clerk has charge of the registration records of the city of Oakland. No provision of law has been called to our attention which gives the city clerk charge of the registration records of the city of Oakland. ▮ There is scarcely any room for interpretation of the constitutional provision just quoted unless some doubt is raised by the last sentence of section 8 of article XI of the constitution. It reads: "The election laws of such city or city and county shall, so far as applicable, govern all elections held under the authority of this section." The expressions "election laws" and "all elections" as here used cannot include all the proceedings leading up to the election. If it meant this, it would also mean that the city laws could change the constitutional requirement of a fifteen per cent petition to a thirty per cent or a sixty per cent petition. Such a broad delegation of authority is not to be assumed without a plain intention manifested so to do. However this sentence of the section of the constitution should be interpreted, it should not receive an interpretation which would nullify the specially expressed requirements of the section, one of which designates the authority who shall verify the petition.

▮ The city charter, contrary to the constitution, specifies that the city clerk shall verify the petition. Section 7, subdivision 4, clearly states that the city clerk shall verify a recall petition. Section 7, subdivision 4, is by reference in section 163 incorporated into article XXI of the charter, and that article contains section 174, which expressly makes article XXI applicable to charter amendment proceedings unless prohibited by the constitution. But the constitution does prohibit the charter from empowering the city clerk to make the verification. The constitution states that such verification shall be made by the authority having charge of the registration records of said city. This, in the county of Alameda, means the county clerk.

We conclude, therefore, that the city auditor properly has refused to audit and approve the claims described in the petition. The signatures on the petition should be verified by the county clerk under the constitutional provision and not by the city clerk as stated in the city charter. Under the constitutional provision requiring that ''the expenses of the verification shall be provided by the legislative body thereof'' the city will still pay for the expense of the verification, but it will be for expenses incurred by the county clerk and not by the city clerk.

The writ is denied, with costs to respondent.

Sturtevant, J., and Nourse, J., concurred.